IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSA L. WASHINGTON, | : | |
| | : | |
|    **Plaintiff,** | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | |
| | : | 2:12-CV-6778-CDJ |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security,[1] | : | |
| | : | |
|    **Defendant.** | : | |

**MEMORANDUM**

**Judge C. Darnell Jones, II**                                                                              **June 19, 2014**

Plaintiff seeks review of the final decision of the Commissioner denying her claim for disability insurance benefits and supplemental social security income under Title II and Title XVI of the Social Security Act. On April 29, 2013, this matter was referred to the Honorable Thomas J. Rueter, United States Magistrate Judge, for a report and recommendation (R&R) pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. (Doc. No. 12.) Plaintiff filed objections to the report and recommendation on November 11, 2013, (Doc. No. 15), and defendant filed a response to plaintiff's objections on November 25, 2013, (Doc. No. 16.). Therefore, this matter is ripe for disposition. After a thorough review of the administrative record, the parties' briefs, and the report and recommendation, the court will **DENY** plaintiff's request for review.

**STANDARD OF REVIEW**

When timely objections are filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report and recommendation to which objection

---

[1]On February 14, 2013, Carolyn W. Colvin became the acting commissioner of the Social Security Administration, so she will be substituted for Michael J. Astrue, former Commissioner of the Social Security Administration, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

is made. 28 U.S.C. § 636(b)(1). If there are no objections to the report and recommendation or when reviewing those portions of the report and recommendation to which no objections are directed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Because plaintiff does not object to Judge Reuter's narration of the factual background of this case, the court will not reproduce it here.

## DISCUSSION

Plaintiff's objections to the R&R mirror the arguments in her brief in support of her request for review. She claims that the ALJ failed to procure a qualified mental health professional to complete the medical portion of the case review and testify as to plaintiff's residual functional capacity. Moreover, she claims the ALJ disregarded the testimony of her treating psychiatrist, which she alleges was the only qualified medical evidence in the record, and made a decision as to plaintiff's residual functional capacity on the basis of his own lay judgment. A *de novo* review of the record demonstrates that the ALJ's decision was supported by substantial evidence. As such, the court will **DENY** plaintiff's request for review.

Plaintiff first argues that the ALJ erred by failing to consult a qualified psychiatrist or psychologist in deciding whether plaintiff was entitled to benefits. Section 421(h), the provision on which plaintiff relies, states:

> An initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

42 U.S.C. § 421(h) (2004).

The plain language of § 421(h) expressly limits its application to §§ 421(a), (c), (g), and (i). As Judge Reuter pointed out, administrative hearings before ALJs are conducted under § 421(d) and are therefore exempt from the requirements of § 421(h). *Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999) ("Because 42 U.S.C. § 421(d), which covers hearings before an ALJ, is excluded from § 421(h)'s purview, an ALJ is not required to employ the assistance of a qualified psychiatrist or psychologist in making an initial determination of mental impairment."). Because plaintiff has otherwise failed to demonstrate that § 421(h) applies to her case, the court will overrule her objection.

Plaintiff next argues that the ALJ improperly disregarded the opinion of plaintiff's treating psychiatrist, Dr. Martinez, in determining that she did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Obj. at 11-13.) In particular, she claims that the ALJ failed to properly credit Dr. Martinez's opinion that plaintiff had "marked impairments in her ability to (1) deal with stress, (2) function independently, (3) maintain attention/concentration, (4) behave in an emotionally stable manner, (5) relate predictably in social situations, and (6) demonstrate reliability" and that full time employment "may be too overwhelming for her." (Obj. at 12.) Plaintiff argues that the ALJ completely disregarded this evidence despite having no contradictory evidence to refute Dr. Martinez's opinion. (Obj. at 12.)

In reviewing a final decision of the Commissioner, the court must determine whether it is supported by substantial evidence. *Jesurum v. Sec'y of United States Dep't of Health and Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). As Judge Reuter pointed out, a treating physician's opinion is normally entitled to controlling weight unless substantial record evidence supports a contrary conclusion. 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2); *Frankenfield v. Bowen*, 861 F.2d 405, 408

3

(3d Cir. 1998). "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).

The record shows that the ALJ's decision was based on a holistic review of Dr. Martinez's medical notes, the content of which reveals significant inconsistency in its diagnosis of the severity of plaintiff's condition. The ALJ found that "the assessed limitations mainly appear during the claimant's 'manic' periods which are controlled with medication." (Tr. at 14.) Moreover, Dr. Martinez's notes indicate that plaintiff's condition was improving and that her symptoms were entering a period of remission. (Tr. at 14.) Finally, Dr. Martinez reported that plaintiff was making "good progress" over the course of her treatment. (Tr. at 14.) Therefore, plaintiff's argument that the ALJ disregarded Dr. Martinez's opinion lacks merit. The ALJ expressly relied on Dr. Martinez's notes to find that plaintiff was not disabled. Therefore, plaintiff's second objection is overruled.

## CONCLUSION

In light of the foregoing, the court has determined that the ALJ's decision is supported by substantial evidence. Therefore, the report and recommendation of the Honorable Thomas J. Reuter, United States Magistrate Judge, will be **ADOPTED IN ITS ENTIRETY**, and plaintiff's request for review will be **DENIED**.

BY THE COURT:

/s/ C. Darnell Jones, II

**C. DARNELL JONES, II   J.**